An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JUAN MARQUEZ DE SANTIAGO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 58873

FILED

FEB 06 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of second-degree murder with the use of a deadly weapon and one count of battery with the use of a deadly weapon causing substantial bodily harm. Second Judicial District Court, Washoe County; Steven P. Elliott, Judge.

Appellant Juan Marquez De Santiago's conviction arises from a violent altercation with Christian Barajas, Jose Alonzo Anguiano (Alonzo), and Raul Garcia. In that altercation, De Santiago discharged a 9mm gun, killing Christian and Alonzo and wounding Raul.

On appeal, De Santiago raises several points of error allegedly committed during his trial, only three of which merit detailed consideration. De Santiago argues that (1) the jury's verdict is not supported by substantial evidence, (2) the district court abused its discretion in admitting evidence of De Santiago's gang affiliation during the trial's guilt phase, and (3) the district court erred in failing to give the

13-03845

jury a limiting instruction with respect to the evidence of his gang affiliation.[1]

For the reasons set forth below, we affirm the judgment of conviction. As the parties are familiar with the facts of this case, we do not recount them further except as necessary for our disposition.

## DISCUSSION

Substantial evidence supports the verdict

Regarding his conviction for second-degree murder with the use of a deadly weapon, De Santiago argues that the verdict is not supported by substantial evidence and that the evidence only supports a manslaughter conviction. We disagree.

In assessing the sufficiency of the evidence for a verdict, we ask "whether, after viewing the evidence in the light most favorable to the

---

[1]De Santiago also argues that (1) the district court erred in admitting allegedly ambiguous jury instructions regarding self-defense and defense of others; (2) the district court abused its discretion in refusing De Santiago's proffered jury instruction as to the defense of others; (3) the district court erred in delivering a jury instruction that used the term "absolutely necessary" in reference to a defendant's reasonable belief in the necessity of self-defense or defense of others; (4) the district court abused its discretion in delivering the jury instruction on proximate cause; (5) the district court erred in not instructing the jury to apply transferred intent and proximate causation to the theories of self-defense and defense of others and in not referencing transferred intent, self-defense, and defense of others within the jury instructions regarding murder and proximate causation; (6) the district court abused its discretion in admitting evidence of De Santiago's gang affiliation during the sentencing phase of his trial; (7) the district court erred in admitting evidence of witnesses' gang affiliations; and (8) the cumulative errors warrant a new trial. We have considered these issues and conclude that these additional challenges are without merit.

prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Nolan v. State</u>, 122 Nev. 363, 377, 132 P.3d 564, 573 (2006) (internal quotations omitted). "[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses." <u>Id.</u> (internal quotations omitted). We do not disturb a jury's verdict "where there is substantial evidence in the record to support the verdict." <u>Tellis v. State</u>, 85 Nev. 679, 679-80, 462 P.2d 526, 527 (1969).

<u>Substantial evidence supports the convictions of second-degree murder with the use of a deadly weapon</u>

A conviction for second-degree murder with the use of a deadly weapon requires proof that the defendant killed a person with malice aforethought with the use of a deadly weapon. <u>See</u> NRS 193.165; NRS 200.010; NRS 200.030(2).

If a defendant proffers evidence of self-defense or defense of others, as done by De Santiago, the State can prove that the defendant did not act in defense of himself or others by showing that (1) the defendant, or the person that the defendant sought to defend, acted as an initial aggressor; or (2) the defendant acted out of revenge, or merely out of fear, and did not act under the actual and reasonable belief that the use of force was absolutely necessary to avoid the imminent danger of death or great bodily injury to him or another. <u>Runion v. State</u>, 116 Nev. 1041, 1051-52, 13 P.3d 52, 59 (2000).

Here, substantial evidence supports the jury's determination that De Santiago committed second-degree murder with the use of a deadly weapon in killing Christian and Alonzo.

Showing De Santiago's malice and use of a deadly weapon in murdering Christian and Alonzo, the evidence and the testimony of

multiple witnesses revealed that De Santiago readied his gun upon suspecting the presence of the South Side Locos (SSL) gang members, a rival gang of De Santiago's gang—the Infamous Soldiers (IS); De Santiago fired his gun and directed the first three shots of the altercation toward the SSL group; two of the first three shots struck and killed Alonzo; the SSL group retreated after the first three shots, and De Santiago pursued the group toward and around the corner of Virbel Lane, where he fired subsequent shots at the group; two bullets from De Santiago's gun struck Christian, with one bullet entering the back of his head—an injury from which Christian died; De Santiago discharged his gun out of anger toward the SSL group; DNA analysis linked the only gun found at the crime scene to De Santiago, and a forensic investigation revealed that this gun expelled the casings found in front of 910 Virbel Lane and at the corner of Virbel; and De Santiago fired the only shots of the altercation in front of 910 Virbel Lane and at the corner of Virbel.

Disproving self-defense and defense of others, and further evincing malice, the evidence and testimony revealed that De Santiago and his friends acted as the initial aggressors and that De Santiago acted out of revenge and not under an actual and reasonable belief that firing his gun was necessary to avoid an imminent danger of death or great bodily injury to himself or others. The testimony and evidence showed the following: (1) the host of the party at 910 Virbel Lane, who was De Santiago's friend, advanced toward Christian, a member of the SSL group, and challenged him to a fight; (2) shortly after Christian swung his bat at the host, De Santiago fired the first shots of the altercation at the SSL group; (3) De Santiago did not stop firing his gun when the SSL group retreated, but pursued and fired subsequent shots at them; (4) De

SUPREME COURT
OF
NEVADA

(O) 1947A

4

Santiago shot at the SSL group in anger and retaliation; and (5) no member from the SSL group fired a gun in De Santiago's direction or at the people in his company.

To the extent that De Santiago attempted to rebut the State's evidence with witnesses who testified that De Santiago shot in self-defense after the SSL group fired the first shot, the jury was free to weigh and determine the credibility of the conflicting testimony. See Nolan, 122 Nev. at 377, 132 P.3d at 573. Also, the jury could reasonably conclude that the witness testimony, which supported De Santiago's theory of self-defense and defense of others, lacked credibility in light of prior inconsistent statements by such witnesses that contradicted the testimony offered to support the theory of self-defense and defense of others. See id.; Miranda v. State, 101 Nev. 562, 567, 707 P.2d 1121, 1124 (1985) (providing that prior inconsistent statements may be admissible as both substantive evidence and for impeachment purposes under NRS 51.035(2)(a)), overruled on other grounds as recognized in Bejarano v. State, 122 Nev. 1066, 1076 n.34, 146 P.3d 265, 272 n.34 (2006).

Accordingly, we conclude that substantial evidence supports De Santiago's conviction of two counts of second-degree murder with the use of a deadly weapon, and we shall not disturb this verdict despite De Santiago's argument that the evidence only supports a conviction of manslaughter. See Tellis, 85 Nev. at 679-80, 462 P.2d at 527.

Substantial evidence supports the conviction of battery with the use of a deadly weapon causing substantial bodily harm

A conviction for battery with the use of a deadly weapon causing substantial bodily harm requires proof of (1) the defendant's "willful and unlawful use of force or violence upon the person of another," (2) "use of a deadly weapon," and (3) "[s]ubstantial bodily harm." NRS

200.481(1)(a); NRS 200.481(2)(e). A deadly weapon includes a firearm, as it is "readily capable of causing substantial bodily harm." NRS 193.165(6)(b). NRS 0.060 defines substantial bodily harm as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ; or . . . [p]rolonged physical pain."

The circumstances that gave rise to De Santiago's acts of murder are the same that gave rise to his act of battery. Testimony and evidence revealed that De Santiago pursued the SSL group toward and around the corner of Virbel and fired his gun at the group as they retreated, ultimately shooting Raul in the back. Hence, substantial evidence supports the jury's determination that De Santiago willfully used his gun against Raul, thereby having engaged in a battery with the use of a deadly weapon. Moreover, the jury's conclusion that Raul suffered substantial bodily harm has support from testimony that established that the bullet that entered Raul's back and exited his abdomen had caused injuries that resulted in two surgeries and severe pain for multiple weeks.

Accordingly, we conclude that substantial evidence supports De Santiago's conviction of battery with the use of a deadly weapon causing substantial bodily harm.

The district court did not abuse its discretion in admitting evidence of De Santiago's gang affiliation during the trial's guilt phase

De Santiago asserts that NRS 48.045 required the district court to exclude evidence of his gang affiliation during the trial's guilt phase because such evidence was irrelevant and had a prejudicial effect that substantially outweighed its probative value. See NRS 48.035.

The district court has broad discretion to determine the admissibility of evidence. Halbower v. State, 93 Nev. 212, 215, 562 P.2d

 

485, 486-87 (1977). Its admission of evidence "will not be reversed absent manifest error." Baltazar-Monterrosa v. State, 122 Nev. 606, 613-14, 137 P.3d 1137, 1142 (2006).

Relevant evidence is generally admissible. NRS 48.025. However, even if relevant, evidence must be excluded where its prejudicial effect substantially outweighs its probative value. NRS 48.035(1). Generally, "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith." NRS 48.045(2). Such evidence is "admissible for other purposes, such as proof of motive." Id.

In Lay v. State, 110 Nev. 1189, 886 P.2d 448 (1994), we concluded that gang-affiliation evidence was admissible in circumstances that are similar to this case. In Lay, the defendant, a gang member, was convicted of murder. Id. at 1191-92, 886 P.2d at 449-50. The conviction arose from an incident where the defendant fired a gun at a group of men from a rival gang, thereby killing the victim from that rival gang. Id. at 1192, 1195, 886 P.2d at 450, 452. On appeal, the defendant contended that the district court erred in admitting gang-affiliation evidence at trial, which included evidence of the defendant's and victim's gang affiliations, the rivalry between their respective gangs, and previous gang-related altercations. Id. at 1195, 886 P.2d at 452. We determined that NRS 48.045(2) allowed for the admission of gang-affiliation evidence because it revealed the defendant's motive for his criminal acts. Id. In doing so, we relied upon the authority of other state and federal courts that have provided that gang-affiliation evidence that "tends to prove motive" is "relevant and not substantially outweighed by unfair prejudice." Id. at 1196, 886 P.2d at 452.

Here, we similarly conclude that the evidence of gang affiliation was relevant and admissible to show De Santiago's motive, and since this evidence tended to show motive, it had a probative value that was not substantially outweighed by unfair prejudice. See id. at 1195-96, 886 P.2d at 452.

De Santiago's possession and use of his 9mm gun were motivated by his gang affiliation. Testimony revealed that De Santiago affiliated with the IS, which had a violent rivalry with the SSL. Testimony also showed that De Santiago carried a gun at the time of his crimes because he felt the need for its protection due to past violent altercations with the SSL and his belief that being in the Virbel neighborhood may result in another violent altercation with the SSL. Hence, a rational juror could determine that De Santiago carried his 9mm gun because of his experience with the rivalry between his gang and the SSL. Testimony showed that De Santiago grabbed and readied his gun when he first suspected the presence of the SSL and fired his gun out of anger toward, and in retaliation against, the SSL group.

Accordingly, we conclude that the district court did not abuse its discretion in admitting the gang-affiliation evidence during the trial's guilt phase.[2]

---

[2]Moreover, we conclude that the result would have been the same had the district court excluded the evidence of De Santiago's gang affiliation because overwhelming evidence supports De Santiago's guilt, such that any error arising from the admission of this evidence was harmless. See Chavez v. State, 125 Nev. 328, 344-45, 213 P.3d 476, 487 (2009) (determining that the district court's admission of evidence that had a prejudicial effect that substantially outweighed its probative value was harmless error in light of the overwhelming evidence of guilt).

<u>The district court's failure to issue a limiting instruction regarding gang-affiliation evidence was harmless error</u>

De Santiago argues that the district court's failure to give a limiting instruction regarding the gang-affiliation evidence constitutes reversible error.

We employ harmless error review in assessing the failure to deliver a limiting instruction. <u>Mclellan v. State</u>, 124 Nev. 263, 269-70, 182 P.3d 106, 110-11 (2008); <u>see, e.g.</u>, <u>Qualls v. State</u>, 114 Nev. 900, 904, 961 P.2d 765, 767 (1998) (using harmless error review to assess failure to give a limiting instruction for gang-affiliation evidence). Under harmless error analysis, we determine whether the error "'had [a] substantial and injurious effect or influence in determining the jury's verdict.'" <u>Mclellan</u>, 124 Nev. at 269-70, 182 P.3d at 111 (quoting <u>Kotteakos v. United States</u>, 328 U.S. 750, 776 (1946)).

When the district court admits evidence of prior bad acts for the purpose of proving motive or intent, the prosecutor has a duty to request a limiting instruction. <u>Mclellan</u>, 124 Nev. at 269, 182 P.3d at 110-11. Where the evidence overwhelmingly supports the jury's verdict, the absence of a limiting instruction is harmless error. <u>See</u> <u>id.</u> at 271, 182 P.3d at 112.

Here, despite the State fulfilling its duty to request a limiting instruction for the gang-affiliation evidence, the district court did not give such an instruction. However, we conclude that because the evidence overwhelmingly supports the jury's verdict, the absence of a limiting instruction with respect to the gang-affiliation evidence was harmless error.

In light of the above, we conclude that substantial evidence supports the jury's verdict, that the district court did not abuse its

SUPREME COURT
OF
NEVADA

(O) 1947A

discretion in admitting evidence of De Santiago's gang affiliation during the guilt phase of his trial, and that the district court's failure to issue a limiting instruction regarding gang-affiliation evidence was harmless error.

For the foregoing reasons, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Pickering

_____, J.
Hardesty

_____, J.
Saitta

cc:   Hon. Steven P. Elliott, District Judge
      Richard F. Cornell
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk